An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JASON ALLEN BENNETT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64035

**FILED**

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to an *Alford* plea, of attempted murder and aggravated stalking. *North Carolina v. Alford*, 400 U.S. 25 (1970). Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Jason Allen Bennett contends that the district court abused its discretion by denying his presentence motion to withdraw his plea, which alleged the plea was not knowingly and voluntarily entered because counsel was ineffective and pressured him to accept the plea deal even though he did not fully understand its terms. A district court may grant a presentence motion to withdraw a guilty plea for any substantial reason that is fair and just. *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001); *State v. Second Judicial Dist. Court*, 85 Nev. 381, 385, 455 P.2d 923, 926 (1969). "'On appeal from a district court's denial of a motion to withdraw a guilty plea, this court 'will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion.'" *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (quoting *Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986)).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15372

After considering "the canvass and the circumstances," the district court concluded that there was no evidence which suggested counsel "in any way" coerced Bennett into entering a plea and the record otherwise demonstrated that the plea was knowingly and voluntarily entered. *See Crawford*, 117 Nev. at 721-22, 30 P.3d at 1125-26 ("To determine whether the defendant advanced a substantial, fair, and just reason to withdraw a plea, the district court must consider the totality of the circumstances to determine whether the defendant entered the plea voluntarily, knowingly, and intelligently."). Our review of the record supports these determinations. *See id.* at 722, 30 P.3d at 1126 ("A thorough plea canvass coupled with a detailed, consistent, written plea agreement supports a finding that the defendant entered the plea voluntarily, knowingly, and intelligently."). Moreover, Bennett failed to demonstrate that counsel was ineffective. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (a petitioner must demonstrate that counsel's performance was deficient and but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Accordingly, we conclude that the district court did not abuse its discretion by denying Bennett's motion, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                                       Cherry

cc: Hon. Kathleen E. Delaney, District Judge
Monique A. McNeill
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk